UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HOWARD J.,

        Plaintiff,

     v.

ANDREW M. SAUL, Commissioner of
 Social Security,

        Defendant.
_____

             **DECISION**
              **and**
             **ORDER**

            **19-CV-1345F**
            (**consent**)

APPEARANCES:   LAW OFFICES OF KENNETH R. HILLER
           Attorneys for Plaintiff
           KENNETH R. HILLER, and
           AMY C. CHAMBERS, of Counsel
           6000 North Bailey Avenue
           Suite 1A
           Amherst, New York  14226

           JAMES P. KENNEDY, JR.
           UNITED STATES ATTORNEY
           Attorney for Defendant
           Federal Centre
           138 Delaware Avenue
           Buffalo, New York  14202
               and
           DENNIS J. CANNING,
           FRANCIS D. TANKARD, and
           PAMELA McKIMENS
           Special Assistant United States Attorneys, of Counsel
           Social Security Administration
           Office of General Counsel
           601 E. 12th Street, Room 965
           Kansas City, Missouri  64106

## JURISDICTION

On October 14, 2020, the parties to this action consented pursuant to 28 U.S.C.

§ 636(c) to proceed before the undersigned.  (Dkt. 20).  The matter is presently before

the court on motions for judgment on the pleadings filed by Plaintiff on June 4, 2020

(Dkt. 12), and by Defendant on September 16, 2020 (Dkt. 18).

## **BACKGROUND**

Plaintiff Howard J. ("Plaintiff"), brings this action seeking judicial review of the

Commissioner of Social Security's final decision denying Plaintiff's application filed with

the Social Security Administration ("SSA"), on July 10, 2015, for Supplemental Security

Income ("SSI") under Title XVI of the Act ("disability benefits").  Plaintiff alleges he

became disabled on July 15, 2011, based on depression, anxiety, post-traumatic stress

disorder ("PTSD"), arthritis, neck and back problems, pancreatitis, and a brain tumor.

AR[1] at 17, 201, 219, 252, 256.[2]  Plaintiff's application initially was denied on October 5,

2015, AR at 130-34, and at Plaintiff's timely request, AR at 137-50, on February 7,

2018, a hearing was held in Buffalo, New York before administrative law judge ("ALJ")

Paul Greenberg ("the ALJ").  AR at 39-84 ("administrative hearing").  Appearing and

testifying at the administrative hearing were Plaintiff, represented by Kelly Laga-

Sciandra, Esq., and vocational expert William T. Cody ("the VE").

On September 19, 2018, the ALJ denied Plaintiff's claims, AR at 14-38 ("ALJ's

decision"), and Plaintiff timely filed a request for review of the ALJ's decision by the

Appeals Council, AR at 197-200.  On August 8, 2019, the Appeals Council denied

Plaintiff's request for review of the ALJ's decision, AR at 1-6, thereby making the ALJ's

---

[1] References to "AR" are to the CM/ECF-generated page number of the Administrative Record Defendant
electronically filed on December 23, 2019 (Dkt. 6).
[2] On August 21, 2014, Plaintiff filed an application for disability benefits which was denied on January 22,
2015, and which Plaintiff did not further pursue.  At the administrative hearing, Plaintiff advised he did not
which to reopen his prior application but amended his alleged disability onset date to the filing date of his
present application.  AR at 17, 49-50.

decision the Commissioner's final determination on the claim.  On October 2, 2019, commenced the instant action seeking judicial review of the ALJ's decision.

On June 4, 2020, Plaintiff moved for judgment on the pleadings (Dkt. 12) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 12-1) ("Plaintiff's Memorandum").  On September 16, 2020, Defendant moved for judgment on the pleadings (Dkt. 18) ("Defendant's Motion"), attaching Commissioner's Brief in Response to Plaintiff's Brief Pursuant to Local Civil Rule 5.5 for Social Security Cases (Dkt. 18-1) ("Defendant's Memorandum"). Filed on October 5, 2020 was Plaintiff's Response to the Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 19) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

### FACTS[3]

Plaintiff Howard J. ("Plaintiff"), born November 29, 1968, was 46 years old when he initially applied for disability benefits on July 10, 2015, and 49 years old as of September 19, 2018, the date of ALJ Jones's decision.  AR at 33, 46, 201, 219.  Plaintiff is single and has eight children.[4]  AR at 49.  Plaintiff does not have a driver's license but can ride a bicycle and use public transportation.  AR at 22, 276, 897.  Plaintiff goes out every day, unaccompanied, shops by mail and computer for clothing, can handle

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.
[4] Plaintiff also reports having five children.  AR at 897, 903.

money, reports his hobbies and interests as reading and watching television, and spends time with others talking in person, on the telephone, and on the computer.  AR at 276-77.

Plaintiff dropped out of school in seventh grade, but obtained his graduate equivalency degree and also completed two years of college, obtaining an Associate's Degree in culinary arts, and denies any learning problems.  AR at 54, 223, 258, 259. Plaintiff's work experience includes working as a cook from 1987 to 2011.  AR at 224. Plaintiff stopped working in 2011 after sustaining injuries to his back, neck and knees in an accident when he was hit by a vehicle while riding a bicycle.  AR at 51, 57.  To address Plaintiff's cervical disk herniation, cervical stenosis, and neck pain, on March 8, 2016, Plaintiff underwent cervical discectomy performed by Ryan P. DenHaese, M.D. ("Dr. DenHaese"), at Kenmore Mercy Hospital in Kenmore, New York.  AR at 641-42.

Plaintiff has a history of alcohol abuse and describes himself as a "binge drinker" who has experienced "numerous" periods when he does not drink at all, and periods where he drinks heavily which Plaintiff attributes to stress.  AR at 52-53.  Plaintiff was twice incarcerated for alcohol-related offenses.  AR at 55-57.  Plaintiff has sporadically sought emergency and hospital treatment for bouts of pancreatitis related to his alcohol abuse as well as for acute intoxication.  *See*, *e.g.*, AR at 739-42 (Niagara Falls Memorial Hospital nursing triage note dated April 1, 2016 reporting Plaintiff sought treatment for intoxication); 715-30 (Plaintiff admitted to Niagara Falls Memorial Hospital on April 23, 2016 for pancreatitis secondary to alcohol abuse).  As of the date of the administrative hearing, Plaintiff was living in a rooming house and had just completed a 30-day rehabilitation program prior to which he was homeless for several years.  AR at

46-47.  For his neck and back pain, Plaintiff took over-the-counter medications, swam at

the gym, and went to massage therapists.  AR at 62-63.  Plaintiff avoided prescription

pain medications out of concern he would become addicted to them.  AR at 282-83.

At the close of the administrative hearing, the ALJ advised Plaintiff he was

sending Plaintiff for a couple of consultative examinations and would hold the record

open until the reports were received.  AR at 82.  Accordingly, on March 9, 2018, Plaintiff

underwent an Internal Medical Examination by Nikita Dave, M.D. ("Dr. Dave"), AR at

914-25, an Intelligence Evaluation by Janine Ippolito, Psy.D. ("Dr. Ippolito"), AR at 897-

902, and a Psychiatric Evaluation also by Dr. Ippolito, AR at 903-12.

From November 21, 2014 through January 12, 2018, Plaintiff received mental

health treatment through Niagara County Department of Mental Health at the Niagara

County Adult Mental Health Clinic.  AR at 792-895.


## DISCUSSION

**1.     Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability

benefits when he is unable "to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which . . . has lasted or can

be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§

416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's

determination that a claimant is not disabled if the factual findings are not supported by

substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g);

1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).

In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id*. "Congress has instructed . . . that the factual findings of the Secretary,[5] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982). "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 58-59 (2d Cir. 2013) (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original). Indeed, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B.*, 523 Fed.Appx. at 59 (italics in original).

---

[5] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

**2.      Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The five steps include (1) whether the plaintiff is currently engaged in substantial gainful activity, 20 C.F.R. § 404.1520(b) and § 416.920(b); (2) whether the plaintiff has at least one severe impairment limiting his mental or physical ability to perform basic work activity, 20 C.F.R. § 404.1520(c) and § 416.920(c); (3) whether the plaintiff's severe impairments, considered together, meet or equal a listing in 20 C.F.R. Part 404, Subpt. P, Appendix 1 of the regulations, and meet the duration requirement of at least 12 continuous months, 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d), (4) whether the plaintiff, despite his collective impairments, retains the "residual functional capacity ("RFC") to perform his past relevant work ("PRW"), 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and (5) if the plaintiff cannot perform his PRW, whether any work exists in the national economy for which the Plaintiff, given the applicant's age, education, and past work experience, "retains a residual functional capacity to perform. . . ."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found Plaintiff has not engaged in SGA since June 12, 2015, AR at 20, and has the severe impairments of degenerative disc disease, dysfunction of a major joint (non-dominant left shoulder), intellectual disorder, depressive disorder, PTSD with panic attacks, and alcohol use disorder, *id*. at 20, but that Plaintiff's alleged knee dysfunction and pancreatitis do not cause more than a minimal limitation in Plaintiff's ability to perform basic mental work activities and, thus, are non-severe, AR at 20-21, and Plaintiff does not have an impairment or combination of impairments meeting or medically equal in severity to a listed impairment.  *Id*. at 21-23.  The ALJ further found that despite Plaintiff's impairments, including his substance abuse disorder as required by § 42 U.S.C. § 1382c(a)(3)(J), Plaintiff retains the RFC for light work as defined in 20 C.F.R. § 416.967(b), except that Plaintiff can frequently bend and stoop, occasionally kneel, crouch, crawl, and climb ramps and stairs, cannot perform work on ladders, ropes or scaffolds, cannot perform overhead reaching (bilateral), cannot work around unprotected heights or moving mechanical parts, cannot operate motorized equipment as part of a job, must be able to sit for five minutes after standing for 25 minutes but can continue working in either position, can perform simple, routine tasks, cannot work in a fast-paced productive environment, can have frequent interaction with supervisors as part of a job, but only occasional interaction with co-workers and the public, and will be absent from work two days a months, AR at 23-27, that Plaintiff has no PRW such that the issue of transferability of skills is irrelevant, and that given Plaintiff's age, education, ability to communicate in English, and RFC based on all impairments including the substance abuse disorder, no jobs exist in the national economy Plaintiff can perform.  AR at 28.  The ALJ further found that if Plaintiff's

substance abuse disorder ceased, Plaintiff's RFC would remain the same except that Plaintiff would no longer be absent from work two days a month, AR at 28-32, in which case Plaintiff would be able to perform jobs existing in the national economy including as a sorter, packer, and a cleaner.  AR at 32-33.  As such, the ALJ found Plaintiff was not disabled as defined under the Act at any time through the date of the ALJ's decision. AR at 33.

In support of his motion, Plaintiff argues that at step three of the sequential analysis, the ALJ failed to properly evaluate the materiality of Plaintiff's Drug and Alcohol Abuse ("DAA") pursuant to SSR 13-2p,[6] *Titles II and XVI: Evaluating Cases Involving Drug Addiction and Alcoholism (DAA)*, *available at* 2013 WL 621536 (SSA Feb. 20, 2013) ("SSR 13-2p"), setting forth the framework for evaluating disability claims involving claimants with DAA, Plaintiff's Memorandum at 17-19, the failure to properly consider the effects of Plaintiff's DAA at step three carried through the ALJ's consideration at the subsequent steps of the sequential analysis, *id*. at 19-23, and the ALJ failed to properly address and evaluate opinion evidence resulting in RFC findings that are not supported by substantial evidence in the record.  *Id*. at 23-30.  In opposition, Defendant argues the ALJ properly evaluated Plaintiff's alcohol abuse pursuant to SSR 13-2p, Defendant's Memorandum at 15-22, as well as the opinion evidence of record such that the RFC determination is supported by substantial evidence in the record.  *Id*. at 22-26.  In reply, Plaintiff maintains it is not possible to separate Plaintiff's mental health impairments from his alcohol abuse and the ALJ failed to properly address and

---

[6] "SSR" refers to Social Security Rulings which are agency rulings "published under the authority of the Commissioner of Social Security and are binding on all components of the Administration. These rulings represent precedent final opinions and orders and statements of policy and interpretations that [the SSA] ha[s] adopted." 20 C.F.R. § 402.35(b)(1).

evaluate opinion evidence such that the RFC finding is not supported by substantial evidence in the record.  Plaintiff's Reply, *passim*.  There is no merit to Plaintiff's arguments.

The sole issue before the court is whether the ALJ properly found that absent Plaintiff's DAA, specifically, his alcohol abuse which the ALJ found would cause Plaintiff to miss two days of work each month thus precluding Plaintiff from working, Plaintiff would be able to perform work existing in the national economy.  Insofar as Plaintiff maintains the ALJ failed to properly evaluate Plaintiff's alcohol abuse under SSR 13-2p because Plaintiff's alcohol abuse cannot be separated from his cognitive and mental impairments, a claimant will not be considered disabled for purposes of the Act if DAA "would be a contributing factor material to the Commissioner's determination that the individual is disabled."  42 U.S.C. § 1382c(a)(3)(J); *see also* 20 C.F.R. § 416.935(a) ("If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability . . . .").  If a claimant's impairments would not be disabling absent DAA, then DAA is material to the disability determination.  20 C.F.R. § 416.935(b)(1).  The materiality of a claimant's DAA is determined pursuant to a bifurcated sequential analysis set forth in SSR 13-2p.  2013 WL 621536, at ** 5-6.  First, the ALJ considers whether a claimant is disabled considering all the claimant's impairments as well as the DAA.  *Id*.  If the claimant would be disabled, the ALJ then considers whether the combined effects of the claimant's impairments, aside from the DAA, would result in an RFC determination that precludes work.  *Id*.  Where, as here, there is a co-occurring mental disorder, *i.e.*, anxiety and

depression, the evidence must establish whether the mental disorder would be disabling with or without the DAA.  *Id*.  The ALJ is permitted to draw inferences from evidence during any periods of abstinence by the claimant including the length and recency of the abstinence period and whether the severing of the co-occurring impairment increased after the period of abstinence ended.  *Id*.  The plaintiff bears the burden of proof of establishing that DAA is immaterial to the Commissioner's determination.  *See Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 124 (2d Cir. 2012) ("proving DAA immateriality is best understood as part of a claimant's general burden of proving that [ ]he is disabled."); SSR 13-2p, 2013 WL 621536, at * 4.

In the instant case, the ALJ properly found Plaintiff's DAA is material because absent the DAA, Plaintiff would be able to perform SGA.  Specifically, the ALJ found that without the DAA, Plaintiff would still have the severe impairments of degenerative disc disease, dysfunction of a major joint (left shoulder), intellectual disorder, depressive disorder, and anxiety disorder, AR at 28, but that the combination of such impairments would not meet or medically equal any listing impairment, *id*. at 29-31, and that Plaintiff would retain the RFC for a limited range of light work as discussed above.  Discussion, *supra*, at 8.  In making this determination, the ALJ emphasized that other than Plaintiff's presenting to the emergency room for treatment of acute pancreatitis and acute alcohol intoxication, Plaintiff's other physical limitations would not be much improved in the absence of Plaintiff's DAA, AR at 28, yet Plaintiff's physical impairments do not meet or medically equal a listed impairment.  *Id*. at 29-31.  Plaintiff does not argue otherwise but maintains the ALJ failed to point to substantial evidence that absent his DAA, his mental

impairments would be improved to the extent that Plaintiff could engage in SGA. Plaintiffs' Reply at 17-19.

As regards the impact of Plaintiff's DAA on his mental health, in her consultative Intelligence Evaluation of March 9, 2018, Dr. Ippolito found Plaintiff with borderline intellectual functioning which Dr. Ippolito opined was "consistent  with psychiatric, substance abuse, and cognitive problems, and this may significantly interfere with the claimant's ability to function on a daily basis."  AR at 900-01.  Dr. Ippolito recommended Plaintiff resume drug and alcohol treatment given his current substance use and continue with psychological and psychiatric treatment, which treatment should be pursued for more than one year, stating Plaintiff's prognosis is "guarded" in light of Plaintiff's presentation that day and limited cognitive abilities.  *Id*. at 901.  In her March 9, 2018 Psychiatric Evaluation of Plaintiff, Dr. Ippolito reported Plaintiff asserted he drank alcohol to cope with stress, AR at 898, drank the previous day, *id*., when he drinks, Plaintiff tends to "binge," *id*., and claimed to be "hung over."  *Id*. at 906.  Dr. Ippolito opined that Plaintiff had no limitation in the domains of understanding, remembering, and applying simple directions and instructions, sustaining an ordinary routine, and regular attendance at work, maintaining personal hygiene and appropriate attire, mild limitations in sustaining concentration and performing a task at a consistent pace, moderate limitations in understanding, remembering, or applying complex directions and instructions, using reason and judgment to make work-related decisions, demonstrating awareness of normal hazards and taking appropriate precautions, moderate to marked limitations in regulating emotions, controlling behavior, maintaining well-being, and in interacting adequately with supervisors, co-workers, and the public.

AR at 907.  Dr. Ippolito attributed such limitations to Plaintiff's "suspected cognitive deficits, alcohol abuse, and emotional distress," *id*., further opining such limitations "may significantly interfere with the claimant's ability to function on a daily basis."  *Id*.  Similar to her findings on Plaintiff's Intellectual Evaluation, Dr. Ippolito recommended Plaintiff resume drug and alcohol treatment given his current substance use and continue with psychological and psychiatric treatment, which treatment should be pursued for more than one year, stating Plaintiff's prognosis is "guarded" in light of Plaintiff's presentation that day and limited cognitive abilities.  *Id*. at 908.

Although Dr. Ippolito assessed Plaintiff with "borderline to very low intellectual functioning," AR at 901, assessed Plaintiff with several limitations in the various mental functioning domains, AR at 907, and opined Plaintiff "would likely have similar levels of [mental] impairment if totally abstinent," AR at 911, the ALJ did not give these opinions full weight not only because Plaintiff admitted to being "hungover" during the assessment, but because Dr. Ippolito's IQ finding was inconsistent with Plaintiff's attending school in regular classes during his years of formal schooling and success in obtaining a GED.  AR at 27.  The ALJ also considered Plaintiff's mental health treatment notes from Niagara County Adult Mental Health Clinic, AR at 26, in which Plaintiff is repeatedly described as well-oriented in all spheres, alert, cooperative, interested, neatly dressed and well-groomed, with speech that is logical, coherent and goal-directed, was able to maintain good eye contact and exhibited unimpaired memory, normal psychomotor activity, and negligible conceptual distortion, *see*, *e.g.*, AR at 797 (Dec. 10, 2015), and 811 (Nov. 10, 2016), 827 (March 24, 2017), 843-44 (March 31, 2017), 855 (April 7, 2017), 865 (April 10, 2017), and 870 (May 8, 2017), all traits that are

inconsistent with intoxication.  The ALJ's finding is further supported by the Plaintiff's hearing testimony that when he was not drinking, he was "more focused" with a better memory, that his anxiety increases when he is drinking but, importantly, that he could work if he were not drinking, although not in his previous profession as a cook.  AR at 75-76.  Moreover, insofar as Plaintiff maintains the opinion evidence of record could be interpreted to support a determination that Plaintiff would be disabled even without his DAA such that Plaintiff's DAA is not material to the determination, it is settled within the Second Circuit that "'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'"  *Bonet ex rel. T.B.*, 523 Fed.Appx. at 58-59 (quoting *Brault*, 683 F.3d at 448 (italics in original)).  Upon this record the court finds it does not have to conclude otherwise.  *See Henderson v. Comm'r of Soc. Sec.*, 2019 WL 3237343, at ** 7-8 (W.D.N.Y. July 18, 2019) (sustaining the ALJ's materiality finding regarding the plaintiff's DAA where the plaintiff "has not shown that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence of record." (citing *Brault*, 683 F.3d at 448)).

Accordingly, the ALJ properly applied the analysis set forth in SSR 13-2p in considering the impact of Plaintiff's DAA on his ability to perform SGA.  The ALJ's finding that Plaintiff's DAA is material to the disability determination such that absent Plaintiff's DAA, Plaintiff is not disabled is supported by substantial evidence in the record.  Further, because the ALJ properly determined the Plaintiff's DAA is material to Plaintiff's disability claim such that Plaintiff is not disabled, Plaintiff's additional arguments which rely on a determination that Plaintiff's DAA is immaterial to the disability determination also fail.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 12) is DENIED; Defendant's

Motion (Dkt. 18) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      March 16th, 2021
                 Buffalo, New York